UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JEFFREY R. YESSENOW, M.D. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:08-CV-353 PPS |
| | ) | |
| HILTON M. HUDSON II, M.D., individually and d/b/a HILTON M. HUDSON, P.C. and HILTON PUBLISHING, INC., LEROY J. WRIGHT, individually and n/k/a WRIGHT CAPITAL GLOBAL EQUITIES, LLC a/k/a LJW GLOBAL EQUITIES d/b/a WRIGHT CAPITAL PARTNERS, LLC f/k/a WRIGHT GROUP INTERNATIONAL HOLDINGS, LLC, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff Jeffrey Yessenow filed this action in Lake County Superior Court against Hilton Hudson, Leroy Wright and their affiliated business entities, seeking a declaratory judgment, injunctive relief and damages for breaches of contract and other duties. Yessenow also filed an Emergency Motion for Temporary Restraining Order which was scheduled for a hearing in the state court. In the meantime, Defendants removed this action to federal court based on diversity jurisdiction. But Defendants' Notice of Removal raised some concerns about this Court's jurisdiction over the matter. Given Yessenow's pending emergency motion, I ordered expedited briefing and a hearing on the issue of jurisdiction. (DE 9.) This matter is now before the Court on Yessenow's Motion to Remand [DE 12]. At issue is whether the lone non-diverse defendant – Hilton M. Hudson, P.C. – is a proper party to this lawsuit. For the reasons that follow, the Court finds this party was fraudulently joined in this case and should therefore be dismissed.

Plaintiff Yessenow, a physician, is a citizen of Indiana. (DE 10, Notice of Removal ¶ 4.) Defendants Hudson and Wright are both citizens of Illinois. (*Id.* ¶¶ 5, 7.) Hudson practices medicine through an Indiana professional corporation, Hilton M. Hudson, P.C. ("Hilton P.C."). (*Id.* ¶ 6.) He also maintains a publishing business, Hilton Publishing, which is incorporated in, and is principally located in, Illinois. (*Id.*) Wright is a venture capitalist; all of his businesses named in this lawsuit are citizens of Illinois. (*Id.* ¶¶ 8-10.)

Yessenow and Hudson practice medicine and serve on the board of the same medical center. When the medical center experienced financial trouble, Yessenow agreed to take out a $1.5 million bank loan to help the medical center secure a letter of credit. (Compl. ¶¶ 7-8.) In return, the medical center entered into an Indemnification Agreement with Yessenow to indemnify Yessenow from any losses or expenses he would incur as a result of the bank loan. (Compl., Ex. A.) In turn, the medical center's financial obligations to Yessenow under the Agreement were guaranteed by Hudson and Wright individually, Hudson Publishing, Wright Capital Partners LLC and Wright Group Holdings LLC. (*Id.*) Importantly, Hudson P.C. is not a signatory to the Agreement. (*Id.*)

The bank who gave Yessenow the loan is demanding payment for accrued interest and fees. (*Id.* ¶ 24.) Yessenow sought indemnity from the Defendants based on the guarantees that they signed, but they balked and this lawsuit followed. In particular, Yessenow claims the Defendants have breached their duties and contractual obligations by not living up to the guarantees that they signed and further that they have acted willfully, wantonly, recklessly and in bad faith.

A federal court's diversity jurisdiction over state law claims only exists if there is complete diversity of citizenship between all plaintiffs and all defendants and more than $75,000 is in

controversy. *See Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001). There is no question that the amount in controversy exceeds $75,000 here. On the issue of citizenship, Hudson P.C. destroys complete diversity because it, like Plaintiff, is a citizen of Indiana. Defendants argue that Hudson P.C. was fraudulently joined to this lawsuit and therefore its citizenship should be disregarded for purposes of determining diversity jurisdiction.

The phrase "fraudulent joinder" is a term of art; a defendant does not have to show bad faith on the part of the plaintiff before getting a fraudulently joined party dismissed. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). Instead, in order to establish fraudulent joinder, the defendants must show that the plaintiff cannot assert a viable cause of action against the non-diverse defendant. *See id.* To make this determination, I must look to the allegations in the complaint and resolve all issues of fact and law in favor of the plaintiff. *See id.* If there is a reasonable possibility that a state court would rule against the non-diverse defendant, then the case cannot proceed in federal court under the fraudulent joinder doctrine. *See id.*

As plaintiff's counsel represented at the jurisdiction hearing, this case begins and ends with a single four-page document – the Indemnification Agreement. Indeed, all three counts in the Complaint relate directly to the Agreement. First, Yessenow seeks a declaratory judgment of his rights, and Defendants' obligations, under the Agreement. Second, Yessenow claims damages from Defendants' breach of contractual obligations and duties as to the Agreement. Third, Yessenow seeks an injunction freezing Defendants' assets in order to preserve his ability to recover from them.

The claims for relief only concern the parties to the Agreement. Hudson P.C. is not mentioned anywhere in the Agreement, and Yessenow does not identify any contractual relationship with Hudson P.C. in his Complaint. But in court, Yessenow's counsel argued that

Hudson P.C. is nonetheless subject to liability under the Agreement. Counsel reasoned that Hudson's professional corporation related to his medical practice, and that by simply adding his professional title "M.D." in the signature block, Hudson bound this entity to the Agreement. This argument is unpersuasive. In Indiana, professional corporations may only be formed for the purpose of performing licensed professional services such as, for example, accounting, law, or medicine. IND. CODE § 23-1.5-2-3. Accordingly, professional corporations are only liable for the actions of their agents or employees when they "perform *professional services* within the scope of their employment or of their apparent authority to act for the corporation." *Id.* § 23-1.5-2-6 (emphasis added).

Suppose Dr. Hudson ordered a new chair for his home but then refused to pay for it. Hudson individually would be the defendant in a collection case brought by the furniture store. Hudson P.C. would have nothing to do with the case. So it is here. The Agreement at issue in this case is a financial arrangement. Although the broader purpose of the arrangement was to help a medical facility in financial trouble, the contractual relationship did not involve the performance of professional medical services. Nor is their any indication in the Agreement, or even an allegation in the Complaint, that Hudson intended to bind his professional corporation simply by referring to himself as "M.D." Instead, the face of the Agreement suggests the opposite. Hudson explicitly signed on behalf of Hilton Publishing and "Hilton M. Hudson II, M.D., *individually*." (Compl., Ex. A. (emphasis added)) People who have earned advanced degrees routinely sign their names with their professional titles. This does not mean that a doctor, lawyer, or accountant intends to expose his professional practice to liability every time he refers to himself as "M.D.," "Esq." or "C.P.A."

In addition to contract claims, the Complaint appears to make some generalized allegations

4

sounding in tort (e.g., breach of duty, bad faith, etc.).  It is not apparent from the Complaint whether these allegations are directed at Hudson P.C.  At the jurisdiction hearing, I gave Plaintiff's counsel an opportunity to explain whether Yessenow is suing Hudson for tortious conduct relating specifically to his professional corporation.  Counsel responded that discovery may lead to viable causes of action against Hudson P.C.  But Yessenow cannot keep a non-diverse defendant in the case just because some facts might turn up in the future to support a claim against that defendant.  *Poulos*, 959 F.2d at 73.  What counts is the present allegations and the present allegations do not state a claim against Hudson P.C.  *See id.*  If, as Yessenow hopes, discovery leads to a viable claim against Hudson P.C., then *at that time* he may attempt to join Hudson. P.C. to this case.  But for now, Hudson P.C. must be dismissed from this lawsuit under the doctrine of fraudulent joinder.

For the foregoing reasons, Plaintiff's Motion to Remand [DE 12] is **DENIED**.  Defendant Hilton M. Hudson, P.C. is **DISMISSED** from this case.  The Court further **CONFIRMS** that there is diversity jurisdiction over this matter.  This matter is **SET** for a status hearing on **Tuesday, January 13, 2009 at 10:00 a.m. Hammond/Central time** in the Courtroom of Judge Philip P. Simon, United States Federal Courthouse, 5400 Federal Plaza, Hammond, Indiana.

**SO ORDERED.**

ENTERED: January 5, 2009

                                      s/ Philip P. Simon
                                      PHILIP P. SIMON, JUDGE
                                      UNITED STATES DISTRICT COURT