## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| JEFFREY S. YESSENOW, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:08-CV-353 PPS |
| | ) | |
| HILTON M. HUDSON II, M.D., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### **ORDER**

This matter is before the Court on the Defendants' Motion to Reconsider [DE 22] my oral discovery order permitting discovery of Defendants' assets. On January 13, 2009, I held a status hearing in this matter and permitted the Parties to engage in limited discovery with respect to Plaintiff Jeffrey Yessenow's pending motion for preliminary injunction to freeze Defendants' assets. At the hearing, I also informed the Parties that discovery of Defendants' assets was fair game. Defendants now ask me to reconsider that decision.

To make its case, Defendants insist that Yessenow will not ultimately prevail on his preliminary injunction motion. They argue that since an asset freeze is unavailable to Yessenow, so is discovery of Defendants' assets. In other words, Defendants want me to rule on the merits of the preliminary injunction motion before Yessenow has had an opportunity to make his case. But I need not put the cart before the horse. The issue here is whether the burden of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(c). When deciding whether to limit the extent of discovery, I must consider, among other things, the needs of the case and the importance of the proposed discovery in resolving the issues. *Id.*

Ordinarily, asset discovery of an opponent's assets is reserved until after a judgment has been rendered.  *See Resolution Trust Corp. v. Thornton*, 41 F.3d 1539, 1547 (D.C. Cir. 1994); *see also* FED. R. CIV. P. 69(a)(2).  Here, Yessenow seeks discovery of Defendants' assets before obtaining a judgment or injunction against them.  But he cannot demonstrate how discovery of Defendants' assets is relevant to his request for an asset freeze.  In order to prevail on a motion for preliminary injunction, a movant must establish: (1) irreparable harm absent an injunction; (2) an inadequate remedy at law; and (3) a reasonable likelihood of success on the merits of his underlying claim.  *Lambert v. Buss*, 498 F.3d 446, 451 (7th Cir. 2007).  The identity of Defendants' assets has little or no bearing on whether Yessenow can meet this standard.  Whereas the probative value of the proposed discovery is minimal, the burden of disclosure on the Defendants is considerable.  Information regarding one's bank accounts, investments, and real estate is personal and private.  There are times when prejudgment disclosure of this information is merited, but this is not one of them.

Therefore, Defendants' Motion for Reconsideration [DE 22] is **GRANTED**.  Plaintiff is prohibited from seeking discovery of Defendants' assets for purposes of Plaintiff's motion for preliminary injunction.  Nothing in this order shall preclude the Parties from seeking asset discovery at later stages during the course of this litigation.

**SO ORDERED**.

**ENTERED**: February 17, 2009.

 s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT