UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JEFFREY R. YESSENOW, MD, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 2:08 cv 353 |
| ) | |
| HILTON M. HUDSON II, M.D., ) | |
| individually and d/b/a HILTON ) | |
| PUBLISHING, INC., an Illinois ) | |
| Corporation; and LEROY J. WRIGHT) | |
| individually and n/k/a WRIGHT ) | |
| CAPITAL GLOBAL EQUITIES, LLC, an) | |
| Illinois Limited Liability ) | |
| Corporation; a/k/a LJW GLOBAL ) | |
| EQUITIES; d/b/a WRIGHT CAPITAL ) | |
| PARTNERS LLC, an Illinois ) | |
| Limited Liability Corporation; ) | |
| f/k/a WRIGHT GROUP INTERNATIONAL) | |
| HOLDINGS, LLC., ) | |
| ) | |
| Defendants ) | |
| ******************************) | |
| HILTON M. HUDSON II, M.D., ) | |
| LEROY J. WRIGHT, WRIGHT CAPITAL ) | |
| PARTNERS, LLC, and WRIGHT GROUP ) | |
| INTERNATIONAL HOLDINGS, LLC, ) | |
| ) | |
| Counter Claimants ) | |
| ) | |
| v. ) | |
| ) | |
| JEFFREY R. YESSENOW, M.D., ) | |
| ) | |
| Counter Defendant ) | |

<u>OPINION AND ORDER</u>

This matter is before the court on the Motion to Reconsider [DE 97] filed by the Hudson Defendants on July 26, 2010, and the Renewed Motion to Modify Order on Motion to Compel [DE 105] filed

by the Hudson Defendants on September 1, 2010. On July 26, 2010, the defendants filed a motion to modify the motion to compel in the same document as the motion to dismiss their counterclaim [DE 96]. Pursuant to Local Rule 7.1, the defendants were advised that they could not file two motions in one document, and the court denied their motion to modify the motion to compel [DE 96] without prejudice. The defendants also filed a motion to reconsider the motion to compel as a separate document on July 26, 2010. Although this motion to reconsider remained pending, the defendants filed a renewed motion to modify the order on the motion to compel [DE 105]. For this reason, the Motion to Reconsider [DE 97] is DENIED. Based on the following, the Renewed Motion to Modify Order on Motion to Compel [DE 105] is also DENIED.

Although they are frequently filed, the Court of Appeals has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." Hope v. United States, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994). See also Talano v. Northwestern Medical Faculty Foundation, Inc., 273 F.3d 757, 760 n.1 (7th Cir. 2001). This type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was over-

looked." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted). In Frietsch v. Refco, Inc., 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

See also Oto v. Metropolitan Life Insurance Company, 224 F.3d 601, 606 (7th Cir. 2000)("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); Divane v. Krull Electric Company, 194 F.3d 845, 850 (7th Cir. 1999); LB Credit Corporation v. Resolution Trust Corporation, 49 F.3d 1263, 1267 (7th Cir. 1995). Ultimately, a motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Global View Ltd. Venture Capital v. Great Central Basin Exploration, 288 F.Supp.2d 482, 483 (S.D.N.Y. 2003)(internal quotation omitted).

The parties dispute whether the motion to compel the discovery of the defendants' financial information should be reconsidered. In the order granting the motion to compel, the court stated that the information sought was relevant to the defendants' counterclaim and Yessenow's defenses. On September 2,

3

2010, the court dismissed the defendant Hilton's counterclaim against Yessenow with prejudice. Wright also notified the court of his intent to dismiss his counterclaim, but his counterclaim remains on the docket, pending approval of the bankruptcy trustee. Because the counterclaim has been dismissed, the defendants argue that the information sought no longer is relevant, and the motion to compel must be reconsidered.

Yessenow originally sought the defendants' financial records to help him prepare his defense against the defendants' counterclaim. The defendants' counterclaim for breach of fiduciary duties alleged that Yessenow breached his fiduciary duties by: influencing Heartland/Illiana to make transfers to him without consideration, causing it to become insolvent and unable to pay its creditors; influencing Heartland/Illiana to make transfers to him at the time Heartland/Illiana was incurring debt; causing or influencing Heartland/Illiana to make transfers to Yessenow out of the ordinary course of Heartland/Illiana's business and differing from its customary business practices; causing the purchase price of Munster Medical Holdings to be artificially increased to artificially increase the value of his ownership interest; failing to pay payroll taxes for the physicians practicing at Heartland/Illiana; and engaging in other acts of self-dealing. Similarly, the defendants raised affirmative defenses

4

of bad faith, unclean hands, and fraud. The defenses they raised will require them to make a similar showing that Yessenow engaged in fraudulent behavior and likely will involve the defendants presenting evidence to show that Yessenow engaged in the behavior detailed in their counterclaim. Therefore, Yessenow retains an interest in the documents so that he may rebut the defendants' affirmative defenses.

Based on the foregoing, the Motion to Reconsider [DE 97] filed by the Hudson Defendants on July 26, 2010, and the Renewed Motion to Modify Order on Motion to Compel [DE 105] filed by the Hudson Defendants on September 1, 2010, are DENIED.

ENTERED this 4th day of November, 2010

                                   s/ Andrew P. Rodovich
                                        United States Magistrate Judge