```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


JEFFREY R. YESSENOW, MD,         )
                                 )
            Plaintiff            )
                                 )
            v.                   )  Case No. 2:08 cv 353
                                 )
HILTON M. HUDSON II, M.D.,       )
individually and d/b/a HILTON    )
PUBLISHING, INC., an Illinois    )
Corporation; and LEROY J. WRIGHT )
individually and n/k/a WRIGHT    )
CAPITAL GLOBAL EQUITIES, LLC, an )
Illinois Limited Liability       )
Corporation; a/k/a LJW GLOBAL    )
EQUITIES; d/b/a WRIGHT CAPITAL   )
PARTNERS LLC, an Illinois        )
Limited Liability Corporation;   )
f/k/a WRIGHT GROUP INTERNATIONAL )
HOLDINGS, LLC.,                  )
                                 )
            Defendants           )
*******************************  )
HILTON M. HUDSON II, M.D.,       )
LEROY J. WRIGHT, WRIGHT CAPITAL  )
PARTNERS, LLC, and WRIGHT GROUP  )
INTERNATIONAL HOLDINGS, LLC,     )
                                 )
            Counter Claimants    )
                                 )
            v.                   )
                                 )
JEFFREY R. YESSENOW, M.D.,       )
                                 )
            Counter Defendant    )
```

OPINION AND ORDER

This matter is before the court on the Memorandum in Support of His Motion for Sanctions Pursuant to 28 USC §1927 [DE 115] filed by the plaintiff, Jeffrey R. Yessenow, M.D., on October 4,

2010; the Motion to Strike Plaintiff's Memorandum in Support of His Motion for Sanctions Pursuant to 28 USC §1927 [DE 120] filed by Barnes & Thornburg LLP, on October 15, 2010; and the Motion for Sanctions Pursuant to 28 U.S.C. §1927 [DE 127] filed by the plaintiff on October 21, 2010.

Because Yessenow did not file a motion with his first memorandum for sanctions [DE 115], the court GRANTS the Motion to Strike Plaintiff's Memorandum in Support of His Motion for Sanctions Pursuant to 28 USC §1927 [DE 120] and STRIKES the Plaintiff's Memorandum in Support of His Motion for Sanctions Pursuant to 28 USC §1927 [DE 115].

For the following reasons, the Motion for Sanctions Pursuant to 28 U.S.C. §1927 [DE 127] is DENIED.

## Background

The plaintiff, Jeffrey R. Yessenow, filed his complaint in November 2008 to enforce an indemnity agreement he entered with the defendants. The defendants raised two counterclaims in their amended answer. Count I of the defendants' counterclaim alleged breach of fiduciary duties, and Count II alleged unjust enrichment. Both counts were predicated on Yessenow's alleged mismanagement, self-dealing, and breaches of fiduciary duties. Yessenow moved to dismiss the defendants' counterclaims, and his motion was denied in a June 2, 2009 Order. The defendants voluntarily dismissed their counterclaim on July 26, 2010 in an effort

to avoid turning over financial documents to Yessenow during discovery. During the course of discovery, Yessenow learned that the defendants were shareholders of a Maryland corporation that held an interest in Heartland Memorial Hospital but that defendants did not have an individual interest in Heartland as alleged in their counterclaim. The plaintiff now seeks to impose sanctions to recover costs for defending against the counterclaims on the theory that the defendants falsely alleged ownership in Heartland to support their counterclaims in an effort to vexatiously multiply and delay this matter.

## Discussion

Yessenow seeks attorney fees against the defendants' counsel for filing a frivolous counterclaim. 28 U.S.C. §1927 states that any attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." This Circuit has held that both subjective bad faith and objective bad faith may be actionable. Dal Pozzo v. Basic Machinery Co., Inc., 463 F.3d 609, 614 (7th Cir. 2006). Subjective bad faith is not always necessary. See Hill v. Norfolk & W. Ry. Co., 814 F.2d 1192, 1202 (7th Cir. 1987); Westinghouse Electric Corporation v. NLRB, 809 F.2d 419, 425 (7th Cir. 1987). See also Moriarty v. Svec, 429 F.3d 710, 722 (7th Cir. 2005). "Subjective bad faith or malice

3

is important only when the suit is objectively colorable." In re TCI Ltd., 769 F.2d 441, 445 (7th Cir. 1985).

A court has discretion to impose §1927 sanctions when an attorney has acted in an "objectively unreasonable manner" by engaging in "serious and studied disregard for the orderly process of justice." Jolly Group, Ltd. v. Medline Industries, Inc., 435 F.3d 717, 720 (7th Cir. 2006) (internal citation omitted). Section 1927 sanctions can be imposed when a party pursues a claim that is "without a plausible legal or factual basis and lacking in justification." Pacific Dunlop Holdings, Inc. v. Barosh, 22 F.3d 113, 119 (7th Cir. 1994) (citations omitted). Additionally, such sanctions can be imposed if a lawyer pursues a path that a "reasonably careful attorney would have known, after appropriate inquiry, to be unsound." Kapco Manufacturing Company, Inc. v. C & O Enterprises, Inc., 886 F.2d 1485, 1491 (7th Cir. 1989). The court has upheld sanctions where "counsel acted recklessly, counsel raised baseless claims despite notice of the frivolous nature of these claims, or counsel otherwise showed indifference to statutes, rules, or court orders." Claiborne v. Wisdom, 414 F.3d 715, 721 (7th Cir. 2005). The purpose of §1927 "is to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs also bear them." Riddle & Associates, P.C. v. Kelly, 414 F.3d 832, 835 (7th Cir. 2005) (citations omitted).

Yessenow seeks attorney fees under §1927 for defending against the counterclaims. Yessenow asserts that the counterclaims unreasonably and vexatiously multiplied and delayed the proceedings because they were based on facts the defendants' counsel knew or should have known to be false. In particular, Count I of the counterclaim alleged diminution of value to the defendants' Heartland Memorial Hospital stock because of Yessenow's mismanagement, self-dealing, and breaches of his fiduciary duties. Diminution of stock value is a derivative action that must be brought by shareholders. See Atkins v. Tony Lama Co., Inc., 624 F.Supp. 250, 254 (S.D. Ind. 1985)(stating that an action for diminution of stock value must be brought via a shareholder's derivative action); Waller v. Waller, 49 A.2d 449, 452 (Md. 1946)(discussing that an action for diminished value of stock is a derivative right that only can be asserted through the corporation). Discovery revealed that the defendants were not members[1] of Heartland Memorial Hospital. Although the defendants owned stock in Heartland Holdings, the Maryland parent company of Heartland Memorial Hospital, the defendants could not maintain an action in their own names because the injury was to the Maryland corporation, and not to them as individuals. See Price v. Upper Chesapeake Health Ventures, 995 A.2d 1054, 1063-1065 (Md. 2010)

---

[1] Indiana refers to those who hold an ownership interest in a limited liability company as members rather than shareholders. Ind. Code §23-18-1-10.

(discussing exceptions to the rule that shareholders must continuously own stock to bring a derivative action); Jolly Roger Fund LP v. Sizeler Property Investors, Inc., 2005 U.S. Dist. LEXIS 26837, *23 (D. Md. Nov. 3, 2005 )("A plaintiff that ceases to be a shareholder loses standing to continue aderivative suit").

Similarly, the second count of the defendants' counterclaim was a derivative action against Yessenow for unjust enrichment, and the defendants must have had an ownership interest in Heartland Memorial Hospital to maintain a cause of action. See Jolly Roger Fund, 2005 U.S. Dist. LEXIS 26837, at *23. Yessenow argues that the defendants falsely alleged an ownership interest in Heartland Memorial Hospital to support their counterclaims al- though the defendants and their counsel knew that they did not hold such an interest, and because of this the proceedings were unnecessarily delayed and multiplied.

At the time the defendants filed their counterclaims, up through the time the court ruled on Yessenow's motion to dismiss, it was not clear who owned interests in which of the various corporations at issue, which entities merged, and which entities Yessenow was an officer of. Due to the confusion in the business structures and the transactions that took place, it would be difficult to say that the defendants' counsel vexatiously delayed the proceedings by filing its counterclaim. Rather, it appears that the defendants filed their counterclaims, rather than risk

losing them due to delay, with the assumption that the ownership interests in the various companies would be sorted out during discovery. The record is devoid of evidence suggesting that the defendants' counsel acted with malice or in an objectively unreasonable manner given the confusion surrounding the organization of the businesses.

_____

Based on the foregoing, the Motion to Strike Plaintiff's Memorandum in Support of His Motion for Sanctions Pursuant to 28 USC §1927 [DE 120] filed by Barnes & Thornburg LLP on October 15, 2010, is GRANTED, and the Memorandum in Support of His Motion for Sanctions Pursuant to 28 USC §1927 [DE 115] filed by the plaintiff, Jeffrey R. Yessenow, M.D., on October 4, 2010, is ORDERED STRICKEN. The Motion for Sanctions Pursuant to 28 U.S.C. §1927 [DE 127] filed by the plaintiff on October 21, 2010, is DENIED.

ENTERED this 17th day of December, 2010

          s/ Andrew P. Rodovich
          United States Magistrate Judge