```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


JEFFREY R. YESSENOW, MD,          )
                                  )
          Plaintiff               )
                                  )
     v.                           )  Case No. 2:08 cv 353
                                  )
HILTON M. HUDSON II, M.D.,        )
individually and d/b/a HILTON     )
PUBLISHING, INC., an Illinois     )
Corporation; and LEROY J. WRIGHT  )
individually and n/k/a WRIGHT     )
CAPITAL GLOBAL EQUITIES, LLC, an  )
Illinois Limited Liability        )
Corporation; a/k/a LJW GLOBAL     )
EQUITIES; d/b/a WRIGHT CAPITAL    )
PARTNERS LLC, an Illinois         )
Limited Liability Corporation;    )
f/k/a WRIGHT GROUP INTERNATIONAL  )
HOLDINGS, LLC.,                   )
                                  )
          Defendants              )
*******************************   )
HILTON M. HUDSON II, M.D.,        )
LEROY J. WRIGHT, WRIGHT CAPITAL   )
PARTNERS, LLC, and WRIGHT GROUP   )
INTERNATIONAL HOLDINGS, LLC,      )
                                  )
          Counter Claimants       )
                                  )
     v.                           )
                                  )
JEFFREY R. YESSENOW, M.D.,        )
                                  )
          Counter Defendant       )
```

<u>OPINION AND ORDER</u>

This matter is before the court on the Opposed Motion for First Enlargement of Time to File Response to Plaintiff's Motion for Partial Summary Judgment [DE 159] filed by the defendants on

June 15, 2011, and the Rule 56(d) Motion for Additional Time to Take Discovery and File Response to Plaintiff's Motion for Summary Judgment [DE 161] filed by the defendants on June 20, 2011. For the following reasons, both motions are **DENIED**.

Background

In March 2006, TWG Illiana Surgery and Medical Center, Inc. reached an agreement with iHealthcare, Inc. and its shareholders to purchase all of iHealthCare's stock for $25 million. TWG would become the parent and sole shareholder of iHealthcare, which would remain the sole member of TWG's subsidiary, Illiana Surgery and Medical Center. TWG financed the purchase by entering a sale/leaseback with NL Ventures. TWG agreed to sell five properties owned by Illiana to NL Ventures for $18 million, and NL Ventures agreed to lease the properties back to Illiana. NL Ventures would not proceed with the sale/leaseback unless Illiana posted $1.5 million in the form of a letter of credit or cash representing one year's rent. Jeffrey Yessenow, M.D., agreed to extend a line of credit to Illiana so TWG could complete the merger and Illiana could go forward with the sale/leaseback. The defendants, TWG, iHealthcare, Hilton M. Hudson II, M.D., an investor in TWG, and Hilton Publishing, Inc., agreed to indemnify Dr. Yessenow for any loss.

Dr. Yessenow signed a note for $1.5 million. The note became due, and Dr. Yessenow demanded that Hudson and Hilton Publishing fulfill their indemnification obligations and pay down the outstanding letter of credit. Hudson and Hilton Publishing refused to fulfill their obligations, and Dr. Yessenow was forced to pay back the line of credit. Dr. Yessenow proceeded to file this case on November 21, 2008, seeking indemnification under the parties' agreement.

Discovery commenced but was stalled with discovery disputes. The defendants' original counsel withdrew in October 2010, and was not replaced until March 14, 2011. The defendants' new counsel contacted Dr. Yessenow's attorney, and the parties agreed to extend discovery through June 13, 2011. On May 19, 2011, defense counsel contacted Dr. Yessenow's attorney and asked to extend the discovery deadline an additional 30 days because the parties had not conducted any depositions since the close of written discovery. Dr. Yessenow declined and filed his motion for partial summary judgment that same day. On June 15, 2010, the defendants asked the court for an extension of time to complete discovery. Dr. Yessenow pointed out that the defendants' motion should be evaluated under Federal Rule of Civil Procedure 56(d) because the defendants requested additional time to conduct discovery for the purpose of responding to the pending

motion for partial summary judgment.  Dr. Yessenow explained that the defendants had not fully complied with the procedural and substantive requirements of Rule 56(d).  The defendants responded on June 20, 2010, by filing a separate Rule 56(d) motion for additional time to take discovery.  The defendants' counsel represents that he did not receive the file of written discovery from the defendants' previous attorney until June 8, 2011, five days before the expiration of the discovery deadline.  This, together with his late entrance in the case, made it difficult to conduct the necessary depositions within the deadline.  The defendants request an additional 60 days to take three depositions and respond to Dr. Yessenow's motion for partial summary judgment.

In their motion, the defendants have identified three individuals whose depositions they desire to conduct.  The defendants represent that Dr. Yessenow provided conflicting information and that they would like to inquire about the $2.2 million he received from Munster Medical Holdings, LLC.  Allegedly, part of this amount may have been received as re-payment for the line of credit.  The defendants also identified Barbara Greene, the CEO of Heartland Memorial Hospital, who may have information regarding Heartland's purchase of Munster Medical, and consequently the sum of money Dr. Yessenow received.  Fi-

nally, the defendants desire to conduct Dr. Paul Jones' deposition. Dr. Jones was present at a board meeting when Heartland determined it would convey its interest in Munster Medical to Dr. Yessenow to satisfy the line of credit. The defendants represent that these depositions will support its defense of accord and satisfaction and create a genuine question of fact to preclude summary judgment.

## Discussion

Federal Rule of Civil Procedure 56(d) states, "If a party opposing the motion shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[1] In order to succeed on a Rule 56(d) motion, the plaintiff must identify the specific evidence which would create a genuine issue of fact. ***American Needle, Inc. v. National Football League***, 538 F.3d 736, 740 (7th Cir. 2008) (overturned on other grounds). "Summary judgment should not be entered 'until the party opposing the motion has had a fair opportunity to conduct such discovery

---

[1] Federal Rule of Civil Procedure 56 was amended in 2010. Subsection (d) was carried forward without substantial change from prior subdivision (f). FED.R.CIV.P. 56 Advisory Committee Notes. Therefore, some of the cases the court cites may refer to Rule 56(f), but the current Rule 56(d) analysis is essentially the same.

5

as may be necessary to meet the factual basis for the motion.'" ***Chalimoniuk v. Interstate Brands Corporation***, 172 F.Supp.2d 1055, 1057-58 (S.D. Ind. 2001)(*quoting* ***Celotex Corp. v. Catrett***, 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).  Rule 56(d) is not meant to allow a party to block summary judgment simply by offering generalities about the need for further discovery.  ***Woods v. City of Chicago***, 234 F.3d 979, 990-91 (7th Cir. 2001).  "Rule [56(d)] does not operate to protect parties who are dilatory in the pursuit of discovery."  ***Allan Block Corp. v. County Materials Corp.***, 588 F.Supp.2d 976, 980 (W.D. Wis. 2008) (*citing* ***Doty v. Illinois Cent. R. Co.***, 162 F.3d 460, 461-62 (7th Cir. 1998)).

A court may grant a Rule 56(d) motion on the grounds that issues of material fact were in dispute and the requesting party deserved the opportunity and benefit of discovery.  *See* ***Chalimoniuk***, 172 F.Supp.2d at 1057-58 (granting Rule 56(d) motion when plaintiff moved for summary judgment before any discovery had taken place).  Likewise, when issues material to the outcome of the matter are in question, the full benefit of discovery is preferable.  ***Chalimoniuk,*** 172 F.Supp.2d at 1059.

However, a court may deny a Rule 56(d) motion when a party fails to pursue discovery in the allotted time frame.  *See* ***Allen Block Corporation***, 588 F.Supp.2d at 980-81 ("It would be . . .

6

inappropriate to continue trial to permit yet another period of discovery when plaintiff has failed to take full advantage of two lengthy opportunities for discovery."). See also *Hu v. Park National Bank*, 333 Fed. Appx. 87, 89-90 (7th Cir. 2009) (affirming denial of Rule 56(d) motion because the plaintiff "did nothing during discovery" and waited until two months after Park National Bank had filed its motion for summary judgment to ask for additional time for discovery). Likewise, a court may deny a Rule 56(d) motion because the requesting party has failed to identify with specificity the evidence it hopes to obtain with the additional discovery, and how it would create a genuine issue of material fact. See *American Needle, Inc.*, 538 F.3d at 740 (affirming district court's denial of Rule 56(d) motion). In short, the moving party must show: (1) good cause for the discovery delays; (2) the specific discovery that is necessary to prepare a response to the motion for summary judgment; and (3) that the additional discovery will give rise to a genuine issue of material fact. *Bernegger v. Gray & Associates LLP*, 2009 WL 3148723, *3 (E.D. Wis. 2009).

As a preliminary matter, the defendants first filed a motion for extension of time to conduct discovery. Dr. Yessenow correctly responded that the defendants' motion should be evaluated under Rule 56(d) because the defendants were seeking leave to

conduct additional discovery to form a response to the pending motion for summary judgment. In addition to the substantive requirements, Rule 56 states that the moving parties' motion must be accompanied by an affidavit or declaration showing that it cannot present facts essential to justify its position without additional discovery. The defendants' original motion was not accompanied by the required affidavit or declaration, nor did the motion set forth the reasons why additional discovery was necessary. *See* Rule 56(d) (explaining that the movant must show additional discovery is necessary by affidavit or declaration); ***Waterloo Furniture Components, Ltd. v. Haworth, Inc.***, 467 F.3d 641, 648 (7th Cir. 2006) (same); ***Bernegger***, 2009 WL 3148723 at *4 (explaining that failure to attach an affidavit as required by Rule 56(d) was fatal to the movant's motion). Instead of filing a reply, the defendants filed a separate motion for an extension of time to complete discovery under Rule 56(d). The defendants are not entitled to two opportunities to put forth their argument in support of extending the discovery deadline so they may form an appropriate response to Dr. Yessenow's motion for summary judgment. Any information not put forth in the original motion is considered waived. *See **Hernandez v. Cook County Sheriff's Office***, 634 F.3d 906, 913 (7th Cir. 2011) (explaining that arguments raised for the first time in a reply brief are considered

waived); *Laborer's International Union of North America v. Caruso*, 197 F.3d 1195, 1197 (7th Cir. 1999) (explaining that arguments not raised in response to summary judgment motion were considered waived). In light of the procedural and substantive shortcomings of the defendants' original motion, including the absence of both an affidavit or declaration showing why additional discovery is necessary and an explanation for why the discovery was not completed within the time allotted by the court, both motions must be **DENIED**.

Furthermore, even if the court were to consider the defendants' subsequent motion to conduct additional discovery under Rule 56(d), the defendants did not show good cause for failing to conduct the depositions within the three year pendency of this case. In the defendants' second motion, the defendants' attorney represented that the depositions were not conducted because he was unable to procure the file of written discovery from the defendants' previous counsel until June 8, 2011, five days before the close of discovery. This does not explain why Dr. Yessenow, Greene, and Dr. Jones' depositions were not and could not have been conducted at any time within the over two year discovery period. The court must assess the effort to conduct discovery by the parties' efforts throughout the pendency of litigation rather than by the difficulties faced by the late appearance of counsel,

and nothing has been presented to explain the defendants' lack of diligence in procuring discovery over the prolonged discovery period. *See **Carson v. Bethlehem Steel Corp.***, 82 F.3d 157, 159 (7th Cir. 1996) ("There is no principle that each new attorney for a litigant must have an independent opportunity to conduct discovery."). *See also **Smith v. Howe Military School***, 1997 WL 662506, *2 (N.D. Ind. 1997) ("The 'good cause' requirement of Rule 16(b) focuses upon the diligence of the party seeking modification or avoidance of a scheduling order."). It is common sense and elementary procedure to take the plaintiff's deposition before the discovery deadline expires. Absent some explanation for why this discovery could not be completed within the three years this case has been pending, the defendants have failed to meet their burden to show good cause. *See **Carson***, 82 F.3d at 159 (explaining that discovery would not be re-opened where the moving party, who recently retained new counsel, failed to show why the seven-month discovery period was not ample).

Furthermore, the defendants' counsel did not provide any justification for failing to schedule the depositions within his four month involvement and before the discovery deadline expired. He has been involved in this matter for nearly four months, his last discovery request was served on April 2, 2010, and he did not take any efforts to schedule the depositions until the dis-

covery deadline expired. Defense counsel does not represent that he was unaware that the depositions had not been conducted or that he did not have sufficient information to conduct the depositions. Absent good cause for the delays, explaining both the failure of the defendants to complete the necessary discovery within the three year period and the defendants' new counsel's failure to take a proactive role in scheduling the depositions within his four month involvement, the defendants have not met their burden to show good cause.

_____

Based on the foregoing, the Opposed Motion for First Enlargement of Time to File Response to Plaintiff's Motion for Partial Summary Judgment [DE 159] filed by the defendants on June 15, 2011, and the Rule 56(d) Motion for Additional Time to Take Discovery and File Response to Plaintiff's Motion for Summary Judgment [DE 161] filed by the defendants on June 20, 2011, are **DENIED.** The defendants are granted 14 days from the entry of this Order to file a response to the motion for summary judgment.

ENTERED this 22nd day of August, 2011

s/ ANDREW P. RODOVICH
United States Magistrate Judge